PAULINE HOPFENSACK, Respondent, *against* WILLIAM HOPFEN-SACK *et al.*, Appellants.

(Decided January 3d, 1881.)

A complaint alleging the existence of a copartnership between the plaintiff and one of the defendants, and asking for a dissolution of the alleged copartnership, the appointment of a receiver, and an accounting, contained averments that the defendant copartner had fraudently conveyed the copartnership property to other persons, who were also joined as defendants, two of whom were in possession of the property, which they claimed as their own. Upon motion of the plaintiff, a receiver of the copartnership property, *pendente lite*, was appointed, who took the property in dispute from those two defendants. A petition by them to be examined *pro interesse suo* was denied, and the action was referred. The referee found, among other things, that the conveyance of the property alleged to be fraudulent was valid, and reported in favor of the defendants; and on his report judgment for the defendants was entered. *Held*, that the fees and expenses of the receiver should be paid out of the property which had been taken by him, although the judgment determined that the defendants from whom the property had been taken were entitled to it and were the owners of it when the action was brought.

APPEAL from an order of this court, directing, among other things, that the appellants, two of the defendants in the action, deliver to a receiver who had been appointed in the action certain property of which they had dispossessed the receiver, and that the fees, allowances and dues of the receiver be paid out of such property.

Pauline Hopfensack, plaintiff, and William Hopfensack, one of the defendants, had been copartners. She claimed that he fraudulently conveyed the copartnership stock to the other two defendants, Ernst Hopfensack and Louis W. Hraba, who are the appellants.

In this action for a dissolution and accounting, and for the appointment of a receiver, the appellants were joined as defendants in order to dispose of their title or claim to the property so conveyed.

A receiver of that copartnership property was appointed

*pendente lite* on plaintiff's motion, and he took the property in dispute from these appellants at their place of business.

The appellants petitioned the court to be examined *pro interesse suo*, and to have the property restored.

Their application was denied and the issues in the action were referred. The referee determined that the sale of the copartnership stock to the appellants was valid, and found on the other issues in favor of defendants, and judgment was accordingly entered.

Appellants, thereupon, again petitioned the court that the receiver deliver the property to them, and the court ordered a reference to pass the receiver's accounts. Appellants, pending the reference, took the property from the receiver's possession. After the referee reported (on September 19th, 1879), on the accounts of the receiver (allowing him $353.23 commissions and expenses), the latter applied for an attachment against the appellants for their act in taking the property from his possession. As appellants denied that the property seized by the receiver was that of which he was appointed custodian, it was again referred to ascertain the facts. The referee reported, on February 18th, 1880, that all the property taken by the receiver was the property which it was intended by said orders he should take possession of.

*Charles S. Spencer,* for the appellants.

*George B. Ely,* for the receiver, respondent.

J. F. DALY, J.—[After stating the facts as above].—The complaint alleged that the entire stock of goods, materials, fixtures and assets of the copartnership were fraudulently made over to these appellants by William Hopfensack. When, therefore, the court appointed a receiver of all the property and assets of the copartnership and directed him to take possession thereof, the property so alleged to be fraudulently conveyed was intended, and no other. That the property he actually took into his possession was the property so conveyed by William Hopfensack is found by the referee in his report of February

18, 1880. The subject of the receivership was the disputed assets held by these appellants under a claim of title from an alleged fraudulent vendor. It was to preserve this property until it was determined in the action to whom it belonged that the court by its receiver took it into its own custody. Whichever party prevailed, the property or fund pays for its preservation or protection.

The appellants do not stand in the position of third parties whose property has been wrongfully seized by a receiver. In such case they would be entitled to have it restored without any charges whatever, and to be indemnified. Nor do they stand in the position of parties from whom a receiver has taken not only property which is the subject of the receivership, but also property which is not in dispute in the action. In such case the property last described would be restored to them, as matter of course.

But appellants were defendants charged with having property belonging to the copartnership of Hopfensack & Co., to which they got no title because of the fraudulent character of the transfer to them. The court took the disputed property into its custody to abide the determination of the action, and as there is no other fund from which the receiver's legal fees and expenses are payable, he is entitled to them out of the fund in his hands, *i. e.*, the property in dispute, no matter to which of the parties to the action possession of such property has been adjudged.

Appellants claim that as the judgment determines that they are entitled to the property and were the owners thereof when the action was brought, they should have it free of all the receiver's charges. But no authority in support of the proposition has been cited. The rule is that receivers are entitled to their costs out of the estate as a matter of course (2 Barb. Ch. Pr. 328). They are entitled to have paid *out of the fund*, although it belongs to incumbrancers, the costs of an adverse application made by a party to the cause against the receiver (*Conrad* v. *Hanover*, 9 Beav. 3; *Att.-Gen.* v. *Lewis*, 8 Beav. 179).

As this point is the only one relied upon on this appeal, and

no question is made of the amount allowed to the receiver, nor of the facts as found by the referee and above referred to, the order must be affirmed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Order affirmed, with costs.